JACKSON LEWIS LLP
Wendy Mellk
Samantha Abeysekera
666 Third Avenue
New York, New York 10017
212-545-4000
Stephen X. Munger (Pro Hac Vice)
Justin R. Barnes (Pro Hac Vice)
1155 Peachtree Street, NE Suite 1000
Atlanta, Georgia 30309
404-525-8200
Attorneys for Defendant

Walker G. Harman, Jr. (WH-8044)
THE HARMAN FIRM, P.C.
200 West 57th Street, Suite 900
New York, New York 10019
202-425-2600
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS NELSON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>              Plaintiff,<br><br>      v.<br><br>FIRST TRANSIT, INC.,<br><br>             Defendant. | Civil Action No. 1:11-cv-4366-NG-RML |

## MEMORANDUM OF LAW IN SUPPORT OF THE PARTIES' JOINT MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, CONDITIONAL CERTIFIFCATION OF THE FLSA CLASS, AND APPROVAL OF PROPOSED NOTICE

## PRELIMINARY STATEMENT

Subject to Court approval, Defendant First Transit, Inc. ("First Transit" or "Defendant") and Plaintiff Morris Nelson ("Plaintiff") (collectively "the Parties") have settled Plaintiff's claims against Defendant. The proposed settlement resolves the claims of Plaintiff and provides an opportunity for similarly situated persons to join the case and participate in the settlement. The Parties request that the Court preliminarily approve the settlement, conditionally certify the FLSA class for settlement purposes only, and approve the proposed Notice to be sent to the Class Members. The Class Members will only be bound by this settlement if they return the Consent Forms attached to the proposed Notice.

On June 13, 2012, the Court held a status conference regarding the Parties' prior Settlement Agreement (which was filed with the Court on June 4, 2012 [Doc. No. 10]). At the status conference, the Court expressed concerns regarding the materials the parties previously submitted in support of their previously-filed Motion for Approval of the Settlement [Doc. No. 11]. The parties submit this Amended Motion for Approval of the Settlement in order to address the concerns expressed by the Court at the June 12, 2012 status conference. This Amended Motion and the materials attached hereto, including the Amended Settlement Agreement attached hereto as Exhibit 1, supersede and replace the prior settlement materials submitted to the Court.

Accordingly, the Parties jointly request that the Court (1) preliminarily approve the parties' Amended Joint Stipulation of Settlement and Release ("Amended Settlement Agreement"), ; (2) conditionally certify the proposed FLSA class under 29 U.S.C. § 216(b); (3) approve one of the alternative proposed Notices ("Proposed Notices") attached to the Amended

Settlement Agreement as Exhibits A-1 and A-2 for distribution to the Class Members; and (4) schedule a final fairness hearing on a date after the notice and opt-in period has expired.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.     Plaintiff's Allegations.**

On September 12, 2011, Plaintiff filed a Complaint, styled as a class and collective action, against Defendant in the Eastern District of New York.  The Complaint alleges causes of action for allegedly unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL").  Plaintiff contends that he and the other Class Members were misclassified as exempt from the FLSA and NYLL's overtime requirements and, therefore, were improperly denied overtime pay for hours worked over forty in a week.  In his Complaint, Plaintiff asked that this action be certified as a class and collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA") and Fed. R. Civ. P. 23.  Plaintiff's claims under the FLSA were brought pursuant to 29 U.S.C. §216(b) and Plaintiff's state law claims were brought pursuant to Fed. R. Civ. P. 23.  Under the FLSA, Plaintiff seeks to recover – on behalf of himself and all similarly situated individuals – back wages, liquidated damages, and attorneys' fees and costs for the full three-year limitations period (which would apply only if Plaintiff proved the FLSA violation was willful).

Plaintiff alleges the Class Members include all current and former employees of Defendant who work or worked as Customer Information Agent Supervisors ("CIAS") at Defendant's call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215, since September 12, 2005.  The Parties agree that the following 19 individuals fall within the above class definition as pled by Plaintiff:

- Morris Nelson
- Nikaury Alexander
- Deta Billingsley

- Carl Brown
- Renee Coleman
- Gwendolyn Crump
- Javon Harris
- David Keyes
- Ahmed Malik
- Danyal McRae
- Marlon Midgette
- Daisy Nunez
- Fausto Polanco
- Posy Rodriguez
- Gregory Robinson
- Roxanne Russell
- Lisa Singleton
- Jemal Washington
- Jefferey Jones

The parties do not seek certification of Plaintiff's NYLL claims under Fed. R. Civ. P. 23. Rather, the parties only seek certification of Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b). Moreover, the parties seek certification of Plaintiff's FLSA claims for settlement purposes only.

**B.      Defendant's Positions and the Centrally Contested Issues.**

Defendant answered the Complaint on November 17, 2011. In its Answer, Defendant denied liability and raised a number of affirmative and other defenses. Defendant contends the CIASs are properly classified as exempt under the FLSA based upon the supervisory duties they held and the discretion they exercised in performing their duties.

In addition to contesting the merits of Plaintiff's allegation that the CIASs are misclassified, Defendant also contests the amount of damages claimed by Plaintiff and the method of calculating those damages. For example, Plaintiff contends he rarely took a full lunch break. Defendant contends that it made full lunch breaks available for the CIASs, believes the CIASs routinely took their full lunch breaks, and had no knowledge of CIASs taking less than a full lunch break. Thus, the parties dispute how many hours the CIASs worked each week.

In addition, Plaintiff contends he is entitled to liquidated damages under both the FLSA and the NYLL.  Defendant disputes this contention in two respects.  First, even if the CIASs were misclassified, Defendant contends that it had a good faith basis for believing the CIASs were properly classified, such that liquidated damages are not appropriate.  Second, even if liquidated damages are appropriate, Defendant contends that Plaintiff and the Class Members can only recover liquidated damages once and cannot "double dip" under both the FLSA and the NYLL.  As explained below, authority exists supporting both positions.

The parties also dispute how to properly calculate any back overtime wages.  Plaintiff contends he and the Class Members are entitled to recover time and a half for all hours worked over forty each week during the relevant limitations period.  Defendant contends the CIASs would only be entitled to recover half time for any hours worked over forty, since their salaries already compensated them straight time wages for all hours worked (including any hours over forty each week).

The parties also dispute the proper limitations period to apply under the FLSA.  The FLSA provides two different statutes of limitations depending upon the nature of the alleged violation.  29 U.S.C. § 255(a).  A two year statute of limitations applies to ordinary violations of the FLSA.  Id.  If the employee proves that the violation was willful, a three year statute of limitations applies.  Id.  The parties dispute whether Plaintiff can demonstrate Defendant willfully violated the FLSA by classifying the CIASs as exempt.

As explained below, both parties took these disputes into account during settlement negotiations.  Because authority exists supporting the parties' respective positions, the parties weighed the risks inherent in this hotly contested issues and reached an amicable and fair resolution to the litigation in light of the risks.

## ARGUMENT

### A.    Conditional Certification of the FLSA Class is Appropriate Under 29 U.S.C. § 216(b) For Settlement Purposes Only.

The parties agree that conditional certification of the proposed FLSA class is appropriate under 29 U.S.C. § 216(b) for settlement purposes only.  The proposed class is defined as all current and former employees of Defendant who work or worked as Customer Information Agent Supervisors ("CIAS") at Defendant's call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215, since September 12, 2005.  The Parties agree that the following individuals fall within this definition:

- Morris Nelson
- Nikaury Alexander
- Deta Billingsley
- Carl Brown
- Renee Coleman
- Gwendolyn Crump
- Javon Harris
- David Keyes
- Ahmed Malik
- Danyal McRae
- Marlon Midgette
- Daisy Nunez
- Fausto Polanco
- Posy Rodriguez
- Gregory Robinson
- Roxanne Russell
- Lisa Singleton
- Jemal Washington
- Jefferey Jones

The parties agree that the foregoing individuals are "similarly situated" within the meaning of 29 U.S.C. § 216(b) for purposes of determining whether the terms of the parties' proposed settlement are fair.  All of the foregoing individuals worked as a CIAS at Defendant's New York call center during the relevant time period.  They all held the same job title, had

6

similar duties, were classified as exempt under the FLSA and NYLL, and were paid pursuant to the same pay policies.  All of the individuals were similarly affected by the pay policies which Plaintiff is challenging in this lawsuit.

Other courts have conditionally certified proposed FLSA classes under similar circumstances for the sole purpose of determining whether the parties' proposed FLSA settlement was fair.  See, e.g., Danieli v. IBM, Case No. 1:08-cv-03688-SHS, 2009 U.S. Dist. LEXIS 106938 (S.D.N.Y. Nov. 16, 2009) ("The Court finds that the members of the Class are similarly situated within the meaning of Section 16(b) of the Fair Labor Standards Act . . . for purposes of determining whether the terms of the settlement are fair.").  See also Dugan, et al. v. Restaurant Management, Inc., Case No. 2:09-cv-01747-ADS-ARL, Doc. No. 37 (E.D.N.Y.) (conditionally certifying FLSA and Rule 23 classes for settlement purposes); Diaz v. Eastern Locating Services, Case No. 1:10-cv-04082-JCF, Doc. No. 36 (S.D.N.Y. July 22, 2010) (same). Accordingly, the parties request that the Court conditionally certify the foregoing class of individuals under 29 U.S.C. § 216(b) for purposes of determining whether the terms of the proposed settlement are fair.

**B.      Preliminary Approval of the Settlement is Appropriate Under 29 U.S.C. § 216(b).**

Preliminary approval of the settlement is appropriate under 29 U.S.C. § 216(b). Generally, in the context of an FLSA settlement, courts "scrutinize[e] the settlement for fairness."  Scott v. City of New York, No. 02 Civ. 9530 (SAS), 2009 U.S. Dist. LEXIS 120532, *4 (S.D.N.Y. Dec. 21, 2009), quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  In doing so, courts analyze whether "the terms of the settlement are fair, reasonable, adequate, and not a product of collusion."  Id. at *6.  Courts must also consider whether the settlement constitutes "a reasonable compromise of disputed issues [rather] than a

mere waiver of statutory rights brought about by an employer's overreaching." Lazzarini v. Reinwald Bros. Bakery Corp., 08-CV-2264 (JS)(WDW), 2009 U.S. Dist. LEXIS 56423, *2 (E.D.N.Y. June 29, 2009), citing Lynn's Food Stores, 679 F.2d at 1354; see also Sampaio v. Boulder Rock Creek Developers, Inc., No. 07-CV-153, 2007 U.S. Dist. LEXIS 66013, *3 (E.D.N.Y. Sept. 6, 2007) (FLSA settlement must be "reasonable").   Typically, courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes.  See Lynn's Food Stores, 679 F.2d at 1354 ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.").

Here, the settlement of this Action constitutes a fair and reasonable ending to a vigorously contested litigation.   The settlement was the result of lengthy arm's-length negotiations between counsel for Plaintiff and Defendant, with each side weighing the risks of establishing liability, damages, and defenses.   While both Plaintiff and Defendant believe their positions are meritorious, their counsel are experienced and realistic, and understand that the resolution of liability issues, the outcome of the trial, and the inevitable appeals process are inherently uncertain and lengthy.   Accordingly, the settlement reflects a reasonable compromise over contested issues.

## 1.   Risks of Litigation.

Both parties recognize the inherent risks present in this litigation.  For example, as explained above, Plaintiff contends the CIASs were misclassified as exempt under the FLSA and NYLL, while Defendant contends the CIASs were properly classified.  The question of whether the CIASs were misclassified is not one which is easily answered.  Defendant believes the CIASs

were properly classified as exempt from the overtime requirements of the FLSA and NYLL in light of the supervisory duties and authority they had over the call center agents. Plaintiff contends the CIASs supervisory duties were insufficient to meet the requirements any of the various exemptions under the FLSA or the NYLL. The parties also disputed whether, even if the CIASs were misclassified, Defendant's conduct was sufficiently egregious to warrant the imposition of liquidated damages under the FLSA.

The parties also dispute the hours worked by the CIASs. For example, Plaintiff contends he rarely took a full lunch break. Defendant contends that it made full lunch breaks available to the CIASs and has no reason to believe the CIASs did not take full lunch breaks.

Moreover, even if Plaintiff were to succeed in proving the CIASs were misclassified, the proper method of calculating damages is also unsettled. Plaintiff contends that the Class Members are entitled to time and a half of their regular hourly rate for all uncompensated overtime hours. Defendant, on the other hand, contends that the CIASs would only be entitled to half time damages for any overtime hours during the relevant time period since their salaries were intended to pay them straight time wages for all hours worked. Authority exists supporting both parties' positions. Compare Santillan v. Henao, 2011 U.S. Dist. LEXIS 117785 (E.D.N.Y. Sept. 12, 2011); Blackmon v. Brookshire Grocery Co., 835 F.2d 1135, 1138-39 (5th Cir. 1988); Valerio v. Putnam Assocs., Inc., 173 F.3d 35 (1st Cir. 1999) with Dingwall v. Friedman Fisher Assocs., P.C., 3 F. Supp. 2d 215 (N.D.N.Y. 1998).

In addition to the half time versus time and a half issue, the parties also disputed the appropriate method for calculating liquidated damages and statutory penalties in addition to back overtime wages. Plaintiff contends the Class Members are entitled to recover liquidated damages under both the NYLL and the FLSA. Defendant, on the other hand, contends that, even

if the Class Members were entitled to recover liquidated damages, they would only be entitled to recover liquidated damages once: under the NYLL prior to September 2008 and under the FLSA after September 2008.  Once again, authority exists supporting both parties' respective positions. Compare Yu G. Ke v. Saigon Grill, Inc., 595 F. Supp. 2d 240 (S.D.N.Y. 2008) with Rodriguez v. Almighty Cleaning, Inc., 784 F. Supp. 2d 114, 128 n.5 (E.D.N.Y. 2011); Lanzetta v. Florio's Enters., Inc., 763 F. Supp. 2d 615 (S.D.N.Y. 2011); Zhao v. E. Harlem Laundromat, Inc., 2010 U.S. Dist. LEXIS 121335 (S.D.N.Y. 2010); Rios v. Neighborhood Constr. Corp., 2009 U.S. Dist. LEXIS 95629, at *4-5 n.2 (S.D.N.Y. Oct. 14, 2009).

## 2.    Information Shared Between Parties.

In addition, the Parties engaged in substantial informal discovery before agreeing to resolve this case.  Defendant obtained, reviewed, analyzed, and produced to Plaintiff hundreds of pages of documents and electronic data.  For example, unlike many misclassification cases, the Class Members swiped in and swiped out both at the beginning and the end of their workdays.  Defendant produced to Plaintiff the swipe records for all of the individuals who were identified as being potential Class Members.  Defendant contends these swipe records indicated the outer bounds of the hours worked by the Class Members each week.[1]  Defendant does not concede the CIASs were working at all times between the times they swiped in and swiped out.

Defendant also shared with Plaintiff's counsel a damages analysis Defendant's counsel performed based upon the information contained in the swipe records.  Defendant's counsel reviewed the swipe records to estimate the maximum hours Defendant contends the CIASs worked assuming they worked swipe to swipe.  Defendant's counsel then estimated the

---

[1] Samples of the swipe records produced to Plaintiff are attached hereto as Exhibit 3.

potential overtime damages owed to each Class Member if the Class Members succeeded in proving they were misclassified under the FLSA and NYLL.

Based upon this damages analysis, even if the CIASs were misclassified, and even if the six year limitations period under the NYLL were used, Defendant estimated the damages owed to the class was approximately $20,000. In performing this analysis, Defendant used a half time calculation, did not provide for liquidated damages or attorney's fees, and assumed the Class Members took a full lunch break each day. Plaintiff contends he and the Class Members should recover for part or all of some lunch breaks, should receive time and a half for any unpaid overtime hours, should recover liquidated damages under both the FLSA and the NYLL, and should recover attorney's fees and costs.

Defendant also believes that the evidence will show:

- The duties performed by the CIASs involved directly supervising agents who took calls from customers who had concerns with Defendant's services, including assigning work to the agents, verbally counseling the agents, recommending discipline, monitoring productivity, training the agents, and monitoring the performance of the agents. The CIAS's typically supervise approximately 30 agents.

- The CIAS's typically worked 40-45 hours each week.

- The CIASs received the same salary each week regardless of the number of hours they worked.

- The CIASs understood that their salaries were intended to pay them straight time pay for all hours they worked, including hours over forty.

- The CIASs usually took their full one-hour meal breaks.

In light of the foregoing risks related to the merits of the litigation, the parties recognize that the spectrum of possible recovery varies significantly. Both parties recognize the possibility that Defendant could succeed in demonstrating the CIASs were properly classified as exempt under the FLSA and NYLL, which would result in no recovery for Plaintiff or the Class

Members.  At the same time, both parties recognize that the Plaintiff and the Class Members could succeed in demonstrating they were misclassified, which could result in damages into the six figures even without attorney's fees.  Thus, the Settlement Fund of $140,000 represents a good faith compromise between the parties in light of the foregoing risks.

        **3.**       **Terms of the Settlement.**

       Counsel for the Parties engaged in private settlement discussions to resolve this Action.  The Parties engaged Carol Wittenberg, an experienced mediator with JAMS, to assist with the settlement discussions.  The Parties attended an all day mediation session with Mediator Wittenberg on March 28, 2012 at JAMS's offices in New York City.  Prior to the mediation session, the parties had exchanged correspondence regarding the terms of a possible settlement and setting forth their respective positions on certain factual and legal issues.  At the mediation, the Parties negotiated and agreed upon the principle terms of a settlement.  The Parties then negotiated the detailed terms of the Settlement Agreement and Notice to the class.  Plaintiff and Defendant executed a Joint Stipulation of Settlement and Release on or about April 27, 2012 and May 3, 2012, respectively.  After the June 13, 2012 status conference, the parties revised the terms of the Joint Stipulation of Settlement and Release and executed an Amended Joint Stipulation of Settlement and Release.

       The Amended Settlement Agreement provides for all Class Members who return the Consent Form enclosed with the proposed Notice to receive payments according to a specified formula.  The total gross funds available under the Amended Settlement Agreement are $140,000.00 ("Settlement Fund"), inclusive of attorney's fees, costs, and enhancement payments to Plaintiff.

Under the Amended Settlement Agreement, the amount available to Class Members will be determined pursuant to an allocation formula based on the number of workweeks in which each Class Member worked as a CIAS at Defendant's New York call center from September 12, 2005 to the present.  The Net Settlement Fund (defined as the Settlement Fund less any enhancement payments to the named Plaintiff and less the attorneys' fees and costs paid to Class Counsel) will be divided by the total number of eligible workweeks for all Class Members (whether they Opt In or not) to determine a per week settlement payment.  The share of each Class Member who Opts In to the lawsuit will then be determined by multiplying the per week settlement payment by the number of eligible workweeks worked by that Class Member during the relevant time period.

The parties believe this is a fair way to estimate the damages for each Class Member.  The time records for the Class Members indicated that the CIASs worked similar hours.  Moreover, the declarations obtained by Defendant's counsel also indicate that the CIASs worked a similar number of hours each week.  Thus, the parties believe that a fair and efficient method of determining each Class Member's pro rata share of the settlement is to base that pro rata share on the number of weeks worked by the Class Members as a CIAS during the relevant time period.  Other courts – including courts within the Southern and Eastern Districts of New York – have approved settlements which calculate class members' pro rata shares of an FLSA settlement based upon the number of weeks or pay periods the class members worked in a qualifying position during the relevant time period.  See, e.g., Danieli v. IBM, Case No. 1:08-cv-03688-SHS, Doc. No. 94 (S.D.N.Y.) (proposed settlement agreement which was approved by the court allocated pro rata settlement shares based upon the number of pay periods worked in a

qualifying position); <u>Guidry, et al. v. Chenega Integrated Systems, LLC, et al.</u>, CASE NO. 5:07-CV-00378-D (W.D. Okla.) (same).

        All Settlement Payments will be allocated to each Collective Action Member as follows: (1) 50% wages; and (2) 50% interest, liquidated damages, and applicable statutory penalties. Appropriate federal, state and local withholding taxes will be taken out of the wage allocations, and each Class Member will receive an IRS Form W-2 with respect to this portion of the Settlement Payment. Required IRS Form 1099s will be issued by Defendant to each Class Member reflecting the payments for the liquidated damages and interest portion of the payment. Plaintiff will also receive an IRS Form 1099 for any enhancement payments received, and Defendant will provide Plaintiff's counsel with an IRS Form 1099 for the attorneys' fees and costs awarded to Plaintiff's counsel. All employer-paid and due taxes on the wage portions of this Settlement shall be paid out of the Net Settlement Fund. Other FLSA settlement agreements approved by the Southern and Eastern Districts of New York have provided for similar tax allocations of settlement payments. <u>See</u>, <u>e.g.</u>, <u>Danieli v. IBM</u>, Case No. 1:08-cv-03688-SHS, Doc. No. 94 (S.D.N.Y.).

        The Amended Settlement Agreement also provides that, upon approval by the Court of the Amended Settlement Agreement, the Named Plaintiff and each Class Member of the Settlement Class who returns the Consent Form enclosed with the proposed Notice fully release and discharge Defendant from all claims for allegedly uncompensated wages, and including associated liquidated damages, interest, and penalty claims, that were asserted or could have been asserted in this lawsuit under state or federal law. Thus, only those Class Members who return the Consent Form enclosed with the Notice will be bound by the release contained within the Amended Settlement Agreement.

Specifically, the Amended Settlement Agreement contains the following release:

> Upon final approval by the Court of this Settlement Agreement (and except as to such rights or claims as may be created by this Settlement Agreement), each Member of the Settlement Class and the Plaintiff fully release and discharge Defendant and their present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in *Morris Nelson v. First Transit, Inc.*, Case No. 1:11-cv-04366-NG-RML (E.D.N.Y.), which means all claims for allegedly uncompensated wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all FLSA or other federal wage claims plus all claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, under state common law and equitable principles, and pursuant to wage contract claims. The statutes subject to this release include, but are not limited to, the following:
>
> - The Fair Labor Standards Act; and
>
> - The N.Y. Lᴀʙ. Lᴀᴡ, as amended.

The Amended Settlement Agreement also provides that the following language will be contained on the back of the checks sent to the Class Members:

> By accepting this payment, I waive any right to bring suit for back wages under the Fair Labor Standards Act or New York Labor Law through the date I cash this check. I agree that, by accepting this payment, I have received full payment for any unpaid wages, liquidated damages, interest, and associated penalties.

Individuals shall not have any right to receive their share of the Settlement Fund unless and until they execute this language on the back of their check. Anyone who does not do so will not have a right to receive their share of the Settlement Fund.

The foregoing release language is similar to release language contained in FLSA settlement agreements approved by other courts. See, e.g., Guidry, et al. v. Chenega Integrated Systems, LLC, et al., CASE NO. 5:07-CV-00378-D (W.D. Okla.); Kuhl, et al. v. Guitar Center

Stores, Inc., et al., Case No. 1:07-cv-00214 (N.D. Ill.); Phelps, et al. v. Parsons Technical Support, Inc., Case No. 2:09-cv-0327-JMS-WGH (S.D. Ind.).

### 4.  Attorneys' fees, costs, and enhancement payments.

Consistent with the Amended Settlement Agreement, Plaintiff's counsel will apply for no more than $46,700.00 of the Settlement Amount to compensate them for attorneys' fees and costs.  Plaintiff's counsel will file a Motion for Approval of Attorneys' Fees and Reimbursement of Expenses contemporaneous with the Parties' Joint Motion for Approval of the Settlement.  Defendant will not oppose this Motion.

Consistent with the Amended Settlement Agreement, Plaintiff's counsel will also apply for approval of an enhancement payment to Plaintiff of no more than $7,500.00 in recognition of his role and participation as Named Plaintiff and the general release executed by Plaintiff (attached to the Amended Settlement Agreement as Exhibit B [Doc. No. 10-2]).  Defendant will not oppose this Motion.

The Parties agree that the remaining portions of the Amended Settlement Agreement are not contingent on the amount of any attorney's fees, costs, or enhancement awards that are granted by the Court.  Thus, if the Court denies Plaintiff's counsel's application for attorney's fees and costs, or if the Court denies Plaintiff's request for an enhancement payment, or if the Court approves any amount of attorney's fees or enhancement payments less than what is requested, the Parties nevertheless request that the Court approve the remaining portions of the Amended Settlement Agreement.

### C.  Either of the Proposed Notices is Appropriate.

The Proposed Notice is also appropriate.  Proposed notices of settlements in FLSA cases must be "reasonable" and constitute "due, adequate and sufficient notice" to Class

Members.  Clark v. Ecolab, Inc., 2009 U.S. Dist. LEXIS 108736, *22 (S.D.N.Y. Nov. 17, 2009).

As shown below, either of the alternative proposed Notices meets these criteria.  The Notices

fairly and adequately advises the Class Members of the terms of the settlement, as well as the

right of Class Members to not participate in the settlement by not returning the Consent Form.

See Westerfield v. Wash. Mut. Bank, 2009 U.S. Dist. LEXIS 94544 (E.D.N.Y. Oct. 2, 2009).

The parties have provided the Court with two alternative proposed Notices to be

sent to the putative Class Members.  Those alternatives are explained below.

       **1.**       **Alternative Notice 1.**

The first alternative – and the alternative which is preferred by the parties – is a

notice which informs the putative Class Members of the nature of the lawsuit as well as the terms

of the settlement.  That proposed Notice is attached to the parties Amended Settlement

Agreement as Exhibit A-1.  If the Court approves this Notice, within 20 days after preliminary

approval by the Court of the Amended Settlement Agreement and proposed Notice, Plaintiff's

counsel will send the Notice to all Class Members.  The Class Members will then have forty-five

(45) calendar days after mailing of the Notice within which to return their Consent Forms to

Plaintiff's counsel.  Any Class Member who does not return the Consent Form within this 45-day

time period will not be bound by the terms of the Amended Settlement Agreement.

After the close of the opt in period, the parties propose that the Court hold a

fairness hearing, at which the Court will determine whether to finally approve the settlement.

Plaintiff's counsel will file with the Court – at least five days prior to the fairness hearing – the

Consent Forms that were returned by the Class Members.  Within thirty (30) days of the Court's

final approval of the settlement, Defendant will tender all settlement payments, enhancement

payments, and attorney's fees/costs payments which are approved by the Court.

If any Class Members do not cash their checks within 90 days after delivery and their check is not returned, their checks will be void and a stop-payment will be placed. Any funds from checks that are not cashed will revert to Defendant.

The parties believe this is the best method of notice as it fully discloses all aspects of the litigation, including the fact that the case has already been settled subject to final approval by the Court, and it is the most efficient method of effectuating the terms of the Amended Settlement Agreement. Other courts – including courts within the Southern and Eastern Districts of New York – have approved similar notice procedures in connection with FLSA settlements. See, e.g., Dugan, et al. v. Restaurant Management, Inc., Case No. 2:09-cv-01747-ADS-ARL, Doc. No. 37 (E.D.N.Y.) (conditionally certifying FLSA and Rule 23 classes for settlement purposes and authorizing mailing of notice informing the putative class members of the lawsuit and the terms of the settlement); Danieli v. IBM, Case No. 1:08-cv-03688-SHS, 2009 U.S. Dist. LEXIS 106938 (S.D.N.Y. Nov. 16, 2009) (conditionally certifying FLSA class for settlement purposes and approving notice which informs putative class members of litigation and essential terms of settlement); Diaz v. Eastern Locating Services, Case No. 1:10-cv-04082-JCF, Doc. No. 36 (S.D.N.Y. July 22, 2010) (provisionally certifying Rule 23 class for settlement purposes and authorizing notice to putative class members informing them of the terms of the settlement); Gonzalez v. Fellowes, Inc., Case No. 10-cv-7682 (N.D. Ill.) (approving Rule 23 notice which informed the putative class members of the litigation and the settlement in the same notice); Rosales, et al. v. Thermal Insulation, Inc., Civil Action No. 1:10-cv-1970-JOF (N.D. Ga.); Kuhl v. Guitar Center Stores, Inc., Case No. 1:07-cv-00214 (N.D. Ill.); Hosier v. Mattress Firm, Inc., Case No. 3:10-cv-00294-TJC-JRK (M.D. Fla.) (conditionally certifying FLSA class for purposes

of settlement and approving notice which informed putative class members of lawsuit and settlement in same notice).

        **2.**      **Alternative Notice 2.**

        Alternatively, if the Court is not inclined to send a notice to Class Members which simultaneously explains the terms of the settlement, the parties have also proposed an alternative Notice which would only inform the putative Class Members of the nature of the lawsuit.  That proposed Notice is attached to the parties Amended Settlement Agreement as Exhibit A-2. Consistent with proposed notices used in other FLSA collective actions, this Notice would give the Named Plaintiff Morris Nelson the authority to enter into the settlement on their behalf.

        If the Court approves this Notice, within 20 days after preliminary approval by the Court of the Amended Settlement Agreement and proposed Notice, Plaintiff's counsel will send the Notice to all Class Members.  The Class Members will then have forty-five (45) calendar days after mailing of the Notice within which to return their Consent Forms to Plaintiff's counsel.  Plaintiff's counsel will file the returned Consent Forms with the Court at the close of the initial opt in period.

        Once the initial opt in period closes, the parties would send a second Notice to those individuals who opted in to the lawsuit which would explain the terms of the settlement. The Class Members who opted in would then be given an opportunity to object to the terms of the settlement and show cause why the Court should not approve the settlement.

        After the close of the objection period, the parties propose that the Court hold a fairness hearing, at which the Court will hear any objections and determine whether to finally approve the settlement.  Plaintiff's counsel will file with the Court – at least five days prior to the fairness hearing – any objections that were returned by the Class Members during the objection

period.  Within thirty (30) days of the Court's final approval of the settlement, Defendant will tender all settlement payments, enhancement payments, and attorney's fees/costs which are approved by the Court

If any Class Members do not cash their checks within 90 days after delivery and their check is not returned, their checks will be void and a stop-payment will be placed.  Any funds from checks that are not cashed will revert to Defendant.

The parties do not believe that this proposed notice procedure would be the best method of providing notice to the putative Class Members.  Sending multiple notices is a less efficient method of administering the settlement, and it could confuse the putative Class Members.  In addition, the fact that the case has already been settled may impact whether Class Members choose to opt in to the lawsuit.  Any recipient of the notice may think it was unfair for the notice not to disclose the settlement and may consider the settlement a material fact which would impact their decision to participate in the litigation.  In the interest of full disclosure, the parties believe the more comprehensive notice is most appropriate.  However, in the event the Court is not inclined to approve the comprehensive notice, the parties still wish to effectuate the terms of the Settlement using this proposed alternative two stage notice process.

## CONCLUSION

For the reasons set forth above, the Parties respectfully request that the Court: (1) preliminarily approve the Amended Settlement Agreement, attached hereto as Exhibit 1; (2)conditionally certify the proposed FLSA class under 29 U.S.C. § 216(b); (3) approve one of the alternative proposed Notices attached to the Amended Settlement Agreement as Exhibits A-1 and A-2 for distribution to the Class Members; and (4) schedule a final fairness hearing on a date

after the notice and opt-in period has expired.  The parties jointly submit a Proposed Order

attached hereto as Exhibit 2 for the Court's consideration.

Respectfully and jointly submitted this 1st day of August, 2012,

| | |
|---|---|
| THE HARMAN FIRM, P.C. | JACKSON LEWIS LLP |
| Walker G. Harman, Jr. (WH 8044) | Wendy Mellk |
| 200 West 57th Street, Suite 900 | Samantha Abeysekera |
| New York, New York, 10019 | 666 Third Avenue |
| 202-425-2600 | New York, New York 10017 |
| | 212-545-4000 |
| | Stephen X. Munger (Pro Hac Vice) |
| | Justin R. Barnes (Pro Hac Vice) |
| | 1155 Peachtree Street, NE Suite 1000 |
| | Atlanta, Georgia 30309 |
| | 404-525-8200 |
| | Attorneys for Defendant |

By: */s/ Walker G. Harman, Jr.*         By: */s/ Justin R. Barnes*
Walker G. Harman, Jr. (WH 8044)              Justin R. Barnes

ATTORNEY FOR PLAINTIFF              ATTORNEYS FOR DEFENDANT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2012, I caused true and correct copies of the following documents to be served in accordance with the Federal Rules of Civil Procedure on all parties of record by operation of the Court's electronic filing system:

(1)     Notice of Joint Motion for Preliminary Approval of Settlement, Conditional Certification of the FLSA Class, and Approval of Proposed Notice;

(2)     Memorandum of Law in Support of the Parties' Joint Motion for Preliminary Approval of Settlement, Conditional Certification of the FLSA Class, and Approval of Proposed Notice; and

(3)     Proposed Order Granting the Parties' Joint Motion for Preliminary Approval of Settlement, Conditional Certification of the FLSA Class, and Approval of Proposed Notice.

*/s/ Justin R. Barnes*
Justin R. Barnes