# EXHIBIT 1
# (Amended Settlement Agreement)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS NELSON, *Individually and on Behalf of All Other Persons Similarly Situated,*<br><br>     Plaintiff,<br><br>  v.<br><br>FIRST TRANSIT, INC.,<br><br>     Defendant. | Civil Action No. 1:11-cv-04366-NG-RML<br><br>**AMENDED JOINT STIPULATION OF SETTLEMENT AND RELEASE** |

WHEREAS on September 12, 2011, Plaintiff Morris Nelson filed a civil action in the United States District Court for the Eastern District of New York against Defendant First Transit, Inc., on behalf of himself and other similarly-situated current and former employees of Defendant;

WHEREAS, in the Complaint, Plaintiff asserts claims for allegedly unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, the parties attended a settlement conference in New York, New York on March 28, 2012 to discuss a possible resolution of this matter before mediator Carol Wittenberg of JAMS;

WHEREAS, at the settlement conference, the parties agreed in principle to the terms of a settlement of the above-captioned pending action;

WHEREAS, it is the desire of all Parties to fully, finally, and forever memorialize, settle, compromise, and discharge all disputes and claims that have been brought in the pending action or that reasonably arise out of the facts alleged in the pending action;

WHEREAS, Plaintiff and Defendant executed a Joint Stipulation of Settlement and Release on or about April 27, 2012 and May 3, 2012, respectively;

WHEREAS, this Amended Joint Stipulation of Settlement and Release replaces and fully supersedes the prior Joint Stipulation of Settlement and Release;

NOW, THEREFORE, in consideration of the mutual covenants, promises and warranties set forth herein, the Parties agree, subject to the Court's approval, as follows:

1. This Amended Joint Stipulation of Settlement and Release (hereinafter "Settlement Agreement") is made and entered into by and between the following Parties: Plaintiff MORRIS NELSON, individually and on behalf of himself and all others similarly situated ("Plaintiffs") and Defendant FIRST TRANSIT, INC. ("Defendant").  This Settlement Agreement is subject to the terms and conditions herein and the approval of the Court.

2. Plaintiffs and Defendant herein are collectively referred to as "the Parties," "Class Counsel" refers to The Harman Firm, P.C., and "Defendant's Counsel" refers to Jackson Lewis LLP.

3. **Settlement Class.**  The "Settlement Class" or the "Class Members" includes the following current and former Customer Information Agent Supervisors who worked at Defendant's New York call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215, since September 1, 2005:

   - Morris Nelson
   - Nikaury Alexander
   - Deta Billingsley
   - Carl Brown
   - Renee Coleman
   - Gwendolyn Crump
   - Javon Harris
   - David Keyes
   - Ahmed Malik
   - Danyal McRae
   - Marlon Midgette
   - Daisy Nunez
   - Fausto Polanco
   - Posy Rodriguez
   - Gregory Robinson
   - Roxanne Russell
   - Lisa Singleton
   - Jemal Washington
   - Jefferey Jones

4. **Class Period.**  The "Class Period" will be defined as any time during the period beginning September 12, 2005 to the present.

5. Defendant denies any liability or wrongdoing of any kind associated with the claims alleged in Plaintiff's Complaint or in any other document filed in conjunction with this case.

6. It is the intention of the Parties that this Settlement Agreement shall constitute a full and complete settlement and release, which release includes in its effect all affiliated entities and agents, and all present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns of Defendant.

7. Class Counsel has conducted a thorough investigation into the facts of the case, including an extensive review of documents and data produced by Defendant to Plaintiffs, and has diligently pursued investigation and prosecution of Plaintiffs' claims against Defendant. Based on their own independent investigation and evaluation, Class Counsel is of the opinion that this Settlement with Defendant for the consideration and on the terms set forth in this Settlement Agreement is fair, reasonable, adequate, and in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay, defenses asserted by Defendant, and potential certification issues. Defendant and Defendant's counsel also agree the Settlement is reasonable and fair.

8. The Parties agree to cooperate and take all steps necessary and appropriate to obtain preliminary and final approval of this Settlement and to dismiss this action with prejudice upon complete performance of the terms and conditions of the Settlement.

9. Defendant agrees to make available up to $140,000 (one hundred forty thousand dollars), inclusive of attorneys' fees, costs, and enhancement payments to the named Plaintiff, to settle this action. This sum shall be referred to herein as the "Settlement Fund." Defendant also agrees to pay all of the mediator's fees. Except as specifically set forth in this Settlement Agreement, under no circumstances shall Defendant be required to pay more than the Settlement Fund plus mediator's fees under this Settlement Agreement.

10. **Settlement Effective Date.** The Settlement embodied in this Settlement Agreement shall become effective on the Settlement "Effective Date," which is defined as the date of the Court's final approval of this Settlement, including the Court's approval of attorney's fees, costs, and any enhancement award to Plaintiff.

11. **Payments Out of the Settlement Fund.**

   a. **Net Settlement Fund.** The Net Settlement Fund is defined as the Settlement Fund less any enhancement payments to the named Plaintiff and less the attorneys' fees and costs paid to Class Counsel. The portion of the Net Settlement Fund made available to the Class Members will be determined pursuant to the calculations set forth in subsections 11(b)-(h), below.

b. **Determination of Each Class Member's *Pro Rata* Share of the Net Settlement Fund:** Before the Settlement Effective Date, Class Counsel shall determine the number of workweeks worked by each Class Member identified in Paragraph 3 of this Agreement (regardless of whether that Class Member Opted In to the lawsuit) during the six years immediately preceding the filing of the Complaint in this case using records previously produced to Plaintiff by Defendant. After the Settlement Effective Date, Defendant's Counsel will then divide the Net Settlement Fund by the total number of workweeks for all Class Members (regardless of whether that Class Member Opted In to the lawsuit) to determine a gross per week settlement amount. The gross settlement share for each Class Member who Opts In to the lawsuit shall then be determined by multiplying the per week settlement payment by the number of workweeks worked by that Class Member during the relevant time period. The Parties agree this is a fair and efficient method of calculating each Class Member's *pro rata* share of the Net Settlement Fund.

c. **Attorneys' Fees and Costs:** Class Counsel will apply to the Court (and Defendant will not oppose) for payment from the Settlement Fund of no more than $46,700.00 (forty-six thousand seven hundred dollars) in attorneys' fees and litigation costs, which amounts to a total of approximately 33 percent of the Settlement Fund. Defendant and Defendant's counsel will not oppose such a request. The total attorneys' fees and costs actually paid from the Settlement Fund will be as approved by the Court in its Final Order. The enforceability of this Agreement is not contingent on the amount of attorneys' fees or costs awarded. Without limiting the generality of the foregoing, any dispute regarding the amount of attorneys' fees or costs, and/or any appeal related thereto, shall not affect or delay the finality of this Agreement, and shall not affect or delay the entry of dismissal of the Lawsuit.

d. **Enhancement Awards to Plaintiff:** Class Counsel will apply to the Court for (and Defendant will not oppose) a payment from the Settlement Fund of $7,500.00 (seven thousand five hundred dollars) to Named Plaintiff Morris Nelson in recognition of his role and participation as Named Plaintiff and the release of his claims. These amounts shall be in addition to Nelson's shares from the Net Settlement Fund. The enforceability of this Agreement is not contingent on the amount of any enhancement award that is granted by the Court.

e. **General Releases from Named Plaintiff**: On April 27, 2012, Plaintiff Morris Nelson executed a general release of all claims, which is attached hereto as Exhibit B.

f. **Tax Allocations:** The settlement funds paid to each Class Member, not including any enhancements paid to the named Plaintiff, shall be allocated as

follows: (1) 50 percent of the total payment to each Class Member shall be allocated to wage claims; and (2) 50 percent of the total payment to each Class Member shall be allocated to all non-wage claims, including liquidated damages, interest, and other applicable statutory penalties. The wage portion shall be subject to deductions as required by law. The non-wage portion shall be paid without deductions, but a Form 1099 will be issued as required by law. All employer-paid and due taxes on the wage portions of this Settlement shall be paid out of the Net Settlement Fund. The gross share of each Class Member's share of the settlement will be reduced by an amount equal to the employer's share of the payroll taxes due on the wage portion of the settlement amounts.

g.  **Tax Reporting:** Defendant shall provide to each Class Member receiving a payment from the Settlement fund a Form W-2 (for wages) and an IRS Form 1099 (for non-wages). The Named Plaintiff will also receive an IRS Form 1099 for any enhancement payments received. Defendant will provide Class Counsel with an IRS Form 1099 for the attorneys' fees awarded to Class Counsel.

## SETTLEMENT PROCEDURE

12. Defendant will provide to Class Counsel, to the extent not already provided, all information reasonably necessary for Class Counsel to determine the number of eligible workweeks worked by each Class Members during the relevant time period. Defendant shall provide this information on a confidential basis.

13. **Notice to the Class Members.** A Notice and Consent Form (the "Notice") – substantially in the form attached hereto either as Exhibit A-1 or A-2 and approved by the Court, including any modifications at the direction of the Court – shall be sent by Class Counsel to the Settlement Class, by first-class mail, within twenty (20) calendar days after entry of the order of preliminary settlement approval. The Court shall determine whether the proposed Notice attached hereto as Exhibit A-1 or the proposed Notice attached hereto as Exhibit A-2 is to be sent to the Settlement Class.

14. Class Counsel shall file with the Court and provide to Defense Counsel, at least five (5) days prior to the final fairness hearing, a declaration by Class Counsel outlining Class Counsel's actions in mailing the Notice.

15. Class Members will have forty-five (45) days from the date of first mailing of the Notice within which to return their Consent Form to Class Counsel. Class Counsel shall file all executed and returned Consent Forms at least five (5) days prior to the final fairness hearing.

16. All Settlement Class Members who return their Consent Form will be bound by the final approval order, the judgment, and the releases set forth in this Agreement and shall be deemed to have waived all objections and opposition to the settlement's fairness, reasonableness and adequacy.

17. Defendant will tender payments to only those Settlement Class Members who timely return their Consent Forms. Class Members are not entitled to receive payments under this Agreement unless and until they execute the language contained on the back of the check as described herein.

18. Any Settlement Class Member, other than the named Plaintiff, may object to this settlement, provided that such objections are made in writing and filed with the Court and served on counsel for the parties no later than forty-five (45) days after Notice is mailed. Such objection shall include the information specified in the Notice. No Settlement Class member may be heard at the final settlement hearing who has not complied with this requirement and any Settlement Class Member who fails to comply with this requirement will be deemed to have waived any right to object and any objection to the settlement.

19. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement or to appeal from any order of the Court that is consistent with the terms of this settlement.

20. Upon receipt, counsel for the parties shall promptly exchange with one another and file with the Court copies of all objections, exclusions and/or challenges to the settlement or any part thereof.

**SETTLEMENT PAYMENT PROCESSES**

21. Within thirty (30) days of the later of the Settlement Effective Date or the date Plaintiff's Counsel provides to Defendant's Counsel the number of eligible work weeks worked by each Class Member, Defendant shall tender all settlement payments, enhancement payments, and attorney's fees/costs payments which are approved by the Court according to the procedures set forth in Paragraph 11 of this Agreement.

22. Class Members shall have 90 calendar days after delivery of the checks to cash their settlement checks. If any Class Members do not cash their checks within 90 days after delivery and their check is not returned, their checks will be void and a stop-payment will be placed. Any funds from checks that are not cashed will revert to Defendant.

**RELEASE BY THE CLASS**

23. Upon final approval by the Court of this Settlement Agreement (and except as to such rights or claims as may be created by this Settlement Agreement), each Member of the Settlement Class who timely returns their Consent Form and the Plaintiff fully release and discharge Defendant and their present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, action or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in *Morris Nelson v. First Transit, Inc.*, Case No. 1:11-cv-04366-NG-RML (E.D.N.Y.), which means all claims for allegedly uncompensated wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all FLSA or other federal wage claims plus all claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, under state common law and equitable principles, and pursuant to wage contract claims. The statutes subject to this release include, but are not limited to, the following:

- The Fair Labor Standards Act; and

- The N.Y. LAB. LAW, as amended.

24. In addition, there shall be included language on the back of each check sent to all Class Members stating "By accepting this payment, I waive any right to bring suit for back wages under the Fair Labor Standards Act or New York Labor Law through the date I cash this check. I agree that, by accepting this payment, I have received full payment for any unpaid wages, liquidated damages, interest, and associated penalties." The Parties acknowledge and agree that there is a good faith dispute as to whether such amount for alleged unpaid wages is owing and that the amount paid to each Settlement Class Member represents a good faith compromise of such dispute.

**DUTIES OF THE PARTIES PRIOR TO COURT APPROVAL**

25. Promptly upon execution of this Settlement Agreement, the Parties shall apply to the Court for the entry of an Order:

   a. Preliminarily approving the settlement;

   b. Conditionally certifying the FLSA class for purposes of determining whether the terms of this settlement are fair;

c. Certifying Morris Nelson as a representative plaintiff under 29 U.S.C. § 216(b) of the Fair Labor Standards Act, for purposes of settlement confirmation only;

d. Approving as to form and content one of the proposed Notices attached hereto as Exhibit A-1 and A-2;

e. Directing the mailing of the Notice by first class mail to the Class Members; and

f. Scheduling a fairness hearing at which final approval of the settlement will be sought.

## DUTIES OF THE PARTIES FOLLOWING PRELIMINARY APPROVAL

26. Following preliminary approval by the Court of the Settlement, the Parties will apply to the Court for an Order finally approving the settlement as fair, adequate and reasonable, and will submit a proposed final order and judgment that does the following:

a. Approves the settlement, adjudging the terms thereof to be fair, reasonable and adequate, and directing consummation of its terms and provisions

b. Approves the Plaintiffs' enhancement award of not more than $7,500.00 to Named Plaintiff Morris Nelson in recognition of his role as Named Plaintiff;

c. Approves Class Counsel's application for an award of attorneys' fees and reimbursement of costs of not more than $46,700.00; and

d. Dismisses this action on the merits and with prejudice and permanently bars all Members of the Settlement Class from prosecuting against Defendant or its present and former subsidiaries, divisions, parent companies, holding companies, stockholders, officers, directors, employees, agents, servants, representatives, attorneys, insurers, affiliates, successors and assigns, any individual or Class claims which are released by this settlement, upon satisfaction of all payments and obligations hereunder.

## POTENTIAL VOIDING OF THE SETTLEMENT AGREEMENT

27. A failure of the Court to approve any material condition of this Settlement Agreement which effects a fundamental change of the Parties' Settlement shall render the entire Settlement Agreement voidable and unenforceable as to all Parties herein at the option of the party adversely affected thereby. However, neither party may void the Settlement Agreement based on the Court's approval or non-approval of the amount

8

of attorneys' fees or enhancement payments or based on which of the two proposed alternative notices the Court approves. The Court's failure to approve Plaintiffs' fee request or an enhancement payment to Plaintiff Morris Nelson shall not render the Settlement Agreement unenforceable. Each Party may exercise its option to void this Settlement as provided in this paragraph by giving notice, in writing, to the other Party and to the Court at any time prior to final approval of the Settlement by the Court.

28. If this Settlement is voided, this Agreement shall have no force or effect; all negotiations, statements and proceedings related thereto shall be without prejudice to the rights of any party, all of whom shall be restored to their respective positions in the lawsuit prior to the settlement; and neither this Agreement nor any ancillary documents, actions or filings shall be admissible or offered into evidence in the lawsuit or any other action for any purpose.

## PARTIES' AUTHORITY

29. The signatories hereby represent that they are fully authorized to enter into this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

## MUTUAL FULL COOPERATION

30. The parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may be reasonably necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein. As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendant and their counsel, take all necessary steps to secure the Court's preliminary and final approval of this Settlement Agreement.

## NO ADMISSION

31. Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed or deemed an admission of liability, culpability, negligence, or wrongdoing on the part of Defendant. Each of the Parties hereto has entered into this Settlement Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. In particular, and without limiting the generality of the foregoing, nothing in this settlement shall be offered or construed as an admission of liability, wrongdoing, impropriety, responsibility or fault whatsoever by Defendant or their employees and agents, who expressly deny any liability,

wrongdoing, impropriety, responsibility or fault whatsoever. In addition, and also without limiting the generality of the foregoing, nothing about this settlement shall be offered or construed as an admission or evidence of the propriety or feasibility of certifying a class in the litigation or any other action for adversarial, rather than settlement, purposes.

## ENFORCEMENT ACTIONS

32. This Settlement Agreement is fully enforceable in the United States District Court for the Eastern District of New York.

## NOTICES

33. Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder by any party to this Settlement Agreement shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by first class or certified mail, or overnight carrier, return receipt requested, addressed as follow:

To the Plaintiff Class:

> Walker G. Harman, Jr.
> THE HARMAN FIRM, P.C.
> 200 West 57th Street, Suite 900
> New York, New York 10019

To the Defendant:

> Stephen X. Munger
> L. Dale Owens
> Justin R. Barnes
> Jackson Lewis, LLP
> 1155 Peachtree St., NE, Suite 1000
> Atlanta, GA 30309

## CONSTRUCTION

34. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties and that the Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement Agreement.

## CAPTIONS AND INTERPRETATIONS

35. Paragraph titles or captions contained herein are inserted as a matter of convenience and for reference, and in no way define, limit, extend or describe the scope of this Settlement Agreement or any provision hereof.  Each term of this Settlement Agreement is contractual and not merely a recital.

## MODIFICATION

36. This Settlement Agreement may not be changed, altered, or modified except in writing and signed by the Parties hereto, and approved by the Court.  This Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all Parties hereto.

## INTEGRATION CLAUSE

37. This Settlement Agreement and attachments constitutes the entire agreement between the Parties relating to the settlement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are merged herein.  No rights hereunder may be waived except in writing.

## NO PRIOR ASSIGNMENTS

38. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties hereto and their respective heirs, trustees, executors, administrators and successors.  The Parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or rights herein released and discharged except as set forth herein.

## CLASS COUNSEL SIGNATORIES

39. It is agreed that, because the Members of the proposed Class are so numerous, it is impossible or impractical and not required to have each Member of the Class execute this Settlement Agreement.  The Notice of Class Action Settlement, Exhibit A hereto, will advise all Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Member of the Class who chooses to cash their settlement payment.

## COUNTERPARTS

40. This Settlement Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be

deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.  Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.


Dated: _7·3/- /2_                        _Morris Nelson_
                                         Morris Nelson


Dated: _____                    _____
                                         Walker G. Harman, Jr.
                                         Counsel for Settlement Class


Dated: _____                    _____
                                         Justin R. Barnes
                                         Counsel for Defendant

Dated: _____                    _____
                                         Michael L. Petrucci
                                         Vice President and Deputy General Counsel
                                         FirstGroup America, Inc.
                                         On Behalf of Defendant


12

deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

Dated: _____

_____
Morris Nelson

Dated: 7 · 31 · 12

Walker G. Harman, Jr.
_____
Walker G. Harman, Jr.
Counsel for Settlement Class

Dated: _____

_____
Justin R. Barnes
Counsel for Defendant

Dated: _____

_____
Michael L. Petrucci
Vice President and Deputy General Counsel
FirstGroup America, Inc.
On Behalf of Defendant

12

deemed an original, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.  Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.


Dated: _____        _____
                                        Morris Nelson


Dated: _____        _____
                                        Walker G. Harman, Jr.
                                        Counsel for Settlement Class

Dated: __8 / 1 / 12_____           _____
                                        Justin R. Barnes
                                        Counsel for Defendant

Dated: __8. 1. 12_____             _____
                                        Michael L. Petrucci
                                        Vice President and Deputy General Counsel
                                        FirstGroup America, Inc.
                                        On Behalf of Defendant


12

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS NELSON, *Individually and on Behalf of All Other Persons Similarly Situated,*<br><br>                   Plaintiff,<br><br>       v.<br><br>FIRST TRANSIT, INC.,<br><br>                 Defendant. | Civil Action No. 1:11-cv-04366-NG-RML<br><br>**NOTICE OF COLLECTIVE ACTION SETTLEMENT AND SETTLEMENT HEARING** |

TO: All persons who were employed by First Transit, Inc. in the position of Customer Information Agent Supervisor at First Transit's call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215 since September 1, 2005.

**PLEASE READ THIS NOTICE CAREFULLY**

     If you are receiving this Notice, you may be entitled to a payment under the Settlement described below. All questions or inquiries regarding this Notice and/or Settlement, including the amounts estimated to be payable if the Settlement is approved, should be directed to Class Counsel at The Harman Firm, P.C., 200 West 57th Street, Suite 900, New York, New York 10019, 202-425-2600. PLEASE DO NOT CONTACT THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S ATTORNEYS WITH ANY INQUIRIES REGARDING THIS SETTLEMENT.

1.   YOU ARE HEREBY NOTIFIED that a proposed settlement ("the Settlement") of the above-captioned class action pending in the United States District Court for the Eastern District of New York (the "Case") has been reached by the parties. The purpose of this Notice is to describe the Case and to inform you of the settlement terms and your rights and options in connection with the Settlement. The Settlement has been preliminarily approved by the Court. If the Settlement is finally approved by the Court, it will resolve all claims in the Case

**SUMMARY OF THE LITIGATION**

2.   This Case alleges that, in violation of federal and state law, individuals employed by Defendant First Transit, Inc. as Customer Information Agent Supervisors at the New York call center were not paid all compensation to which they were entitled under the law due to Defendant's classification of the Customer Information Agent Supervisors as exempt from the overtime requirements of federal and state law. The Named Plaintiff Morris Nelson seeks to recover, on behalf of himself and all other similarly situated persons, damages from Defendant for the alleged unpaid overtime wages, liquidated damages, and other applicable penalties, and attorneys' fees and expenses. The case is

limited to individuals employed as Customer Information Agent Supervisors at the New York call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215 since September 1, 2005.

3.  Defendant maintains that it paid its employees all compensation it owed to them and that it has complied with the law. Defendant denies any liability or wrongdoing of any kind in connection with the claims alleged.

4.  The Court has directed that this Notice be sent to all persons who may be entitled to money under the Settlement.

## SUMMARY OF SETTLEMENT TERMS

5.  Plaintiffs and Defendant entered into a proposed Settlement in March 2012. The Court preliminarily approved the Settlement on _____. The Court will hold a Final Approval Hearing on the Settlement on _____, 2012 at _____ o'clock in Courtroom ___ in the United States District Court for the Eastern District of New York, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, 11201. At the hearing, the Court will determine if the Settlement is fair and reasonable and whether the Settlement should be approved. The principal terms of the Settlement are summarized in this Notice. You are not required to attend the Final Approval Hearing, although you may do so. If you are satisfied with the Settlement, there is no need for you to appear.

6.  The Settlement Agreement provides that Defendant will pay up to $140,000.00 to settle the claims in the Case. From this $140,000.00, there may be deductions allowed by the Court for attorneys' fees and expenses as well as an award to compensate the lead plaintiffs for undertaking the responsibility of acting as representative plaintiffs and for the work they have done to bring about the settlement of this case.

7.  Attorneys' Fees and Expenses: The Harman Firm, P.C. ("Plaintiffs' Counsel") has served as the attorneys for the Plaintiff and the Class Members in this Case. They have been prosecuting the case on a contingency fee basis, without being paid, while advancing the costs and expenses of litigating the case. The Settlement provides that they will request that the Court award them attorneys' fees, expenses, and costs of no more than $46,700.00. Any amounts approved by the Court will constitute full payment for all legal fees and expenses of Plaintiffs' Counsel in the Case, including any work they do in the future. These attorneys' fees are within the range of fees awarded to Plaintiffs' Counsel under similar circumstances in other cases of this type. You will not be personally responsible to Plaintiffs' Counsel for any fees or expenses. These attorneys' fees, expenses, and costs will be paid out of the $140,000.00 Settlement Fund.

8.  Plaintiffs' Compensation: Plaintiffs' Counsel will also ask the Court to award to Plaintiff Morris Nelson no more than $7,500.00, to compensate him for serving as the class representative for you and the other persons entitled to payments under the Settlement and because he is executing a general release. These payments will be in addition to

what he is entitled to receive under the Settlement as damages for unpaid overtime wages. This incentive award will be paid out of the $140,000.00 Settlement Fund.

9. Your share of the Settlement Fund will be calculated as follows: after deduction of the amounts described above, each Settlement Class member will receive a payment equal to his or her *pro rata* share of the Settlement Funds, based upon the number of relevant workweeks he or she was employed at First Transit during the relevant time period, which is September 1, 2005 to the present.

10. A check for your share of the Settlement Fund will be sent to you at your most current address available at the time of payment, so it is important that you advise Plaintiffs' Counsel of any changes in your address. The settlement checks will be valid for ninety (90) days. Settlement checks will be distributed by First Transit, Inc. after the Court enters an order of final approval of the settlement.

11. Taxes: One-half of the amounts you receive under the Settlement represent taxable-wage income, and the remainder represents non-wage income. IRS Forms W-2 and 1099 (and the equivalent state forms) will be distributed to those who receive Settlement Awards. All Settlement Beneficiaries having questions about the tax consequences of the payments they may receive under the Settlement should consult with their own independent tax advisors. The usual and customary deductions will be made from the wage portion of the settlement payment allocated to each Settlement Beneficiary.

12. Unclaimed Funds: All settlement checks must be negotiated within 90 days of the date on which they were issued. Any portion of the Settlement Fund that Settlement Beneficiaries do not claim by negotiating the checks sent to them within 90 days of the date of the check is issued will revert to First Transit, Inc.

13. Release: If you timely return the attached Consent Form and the settlement is finally approved by the Court, the Settlement Agreement will waive your right to claim, under state or federal law, that Defendant did not pay you all wages or overtime due to you.

   You will be releasing all wage and hour claims against Defendant. You will waive your right to make any such claims even if you do not know or suspect that you may have any such claims at the time of the release, and even if knowledge of such claims might have affected your decision to cash your settlement check. The statutes subject to this release include, but are not limited to, the following:

   - The Fair Labor Standards Act; and

   - The N.Y. LAB. LAW, as amended.

   You will not release or waive any claim(s) that you have currently pending against Defendants in any other judicial or administrative proceeding.

14. Both parties believe the proposed settlement is fair and encourage you to return the enclosed Consent Form and participate in the settlement.

15. If your address changes after receiving this Notice, or if it was misaddressed, you should so advise Plaintiffs' Counsel immediately.

16. Condition of Settlement: The Settlement is conditioned upon the Court approving it and entering an order at or following the Settlement hearing finding that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members

## YOUR OPTIONS

A. If you wish to join this lawsuit, participate in the settlement, receive a money award, agree to be bound by the class action settlement and release, described above, and wish Defendant to send you your share of the settlement, you must complete and return the enclosed Consent Form to Plaintiff's Counsel at The Harman Firm, P.C., 200 West 57th Street, Suite 900, New York, New York 10019, within 45 days of the date of this Notice.

B. If you believe the Settlement should not be approved by the Court for any reason, you may state your objections to the Court. If you wish to do so, you must file your written objection with the Court within forty-five (45) days of the date of this Notice, stating why you object to the Settlement. In addition, you must send copies of your objection by first class mail, postmarked within forty-five (45) days of the date of this Notice, to Counsel for Plaintiff at the address below:

**Plaintiffs' Counsel**
Walker Harman, Jr.
THE HARMAN FIRM, P.C.
200 West 57th Street, Suite 900
New York, NY 10019

You may also come to the Court for the Approval Hearing to have your objections heard by the Court. However, if you do not file your written objection(s) ahead of time in the manner described above, the Court will not consider them at the hearing. Any attorney who will be representing any Class Member at the Approval Hearing must file a notice of appearance with the Court at least seven (7) calendar days prior to the hearing. All objections or other correspondence must state the name and number of the case, which is *Nelson v. First Transit, Inc.*, 1:11-cv-04366-NG-RML. If you do not follow the procedures for objecting described above, you will be deemed to have waived any objection to the Settlement.

## ADDITIONAL INFORMATION

17. This Notice is only a summary of the Case and the Settlement. For a more detailed statement of the Case or Settlement, you may refer to the pleadings, the Settlement Agreement, and the other papers filed in the Case, which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, during regular business hours of each court

day.  You also may obtain copies of this Notice and/or the Settlement Agreement or further information regarding the Settlement from Plaintiffs' Counsel.  PLEASE DO NOT CONTACT THE COURT, DEFENDANT, THE JUDGE, OR DEFENDANT'S ATTORNEYS WITH QUESTIONS REGARDING THIS MATTER.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK.


Dated this _____ day of _____, 20__.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS NELSON, *Individually and on Behalf of All Other Persons Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC.,<br><br>Defendant. | Civil Action No. 1:11-cv-04366-NG-RML |

### CONSENT TO JOIN LAWSUIT AND PARTICIPATE IN SETTLEMENT

I understand that I may be eligible to join this lawsuit filed by Plaintiff Morris Nelson (the "Representative Plaintiff") to recover alleged unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from First Transit, Inc. ("Defendant") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiff as my agent to make decisions on my behalf concerning this FLSA litigation against Defendant, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiff's counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this litigation against Defendant. I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiff.

I understand that the amount of any attorney's fees and costs awarded to Plaintiff's Counsel will be subject to the decision of the Court.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiff and Defendant. I understand that I will be entitled to share in any recovery by the Representative Plaintiff and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I hereby consent to join in this lawsuit.

_____          _____
Signature                                                        Date

_____
Printed Name

# **EXHIBIT A-2**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS NELSON, *Individually and on Behalf of All Other Persons Similarly Situated*,<br><br>           Plaintiff,<br><br>     v.<br><br>FIRST TRANSIT, INC.,<br><br>           Defendant. | Civil Action No. 1:11-cv-04366-NG-RML<br><br>**NOTICE OF COLLECTIVE ACTION** |

TO: All persons who were employed by First Transit, Inc. in the position of Customer Information Agent Supervisor at First Transit's call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215 since September 1, 2005.

**PLEASE READ THIS NOTICE CAREFULLY**

If you are receiving this Notice, you may be entitled to participate in this lawsuit. All questions or inquiries regarding this Notice should be directed to Class Counsel at The Harman Firm, P.C., 200 West 57th Street, Suite 900, New York, New York 10019, 202-425-2600. PLEASE DO NOT CONTACT THE COURT, THE JUDGE, DEFENDANT, OR DEFENDANT'S ATTORNEYS WITH ANY INQUIRIES REGARDING THIS NOTICE.

1. YOU ARE HEREBY NOTIFIED that a lawsuit is pending against First Transit, Inc. in the United States District Court for the Eastern District of New York (the "Case"). The purpose of this Notice is to describe the Case and to inform you of your rights and options in connection with the lawsuit.

## <u>SUMMARY OF THE LITIGATION</u>

2. This Case alleges that, in violation of federal and state law, individuals employed by Defendant First Transit, Inc. as Customer Information Agent Supervisors at the New York call center were not paid all compensation to which they were entitled under the law due to Defendant's classification of the Customer Information Agent Supervisors as exempt from the overtime requirements of federal and state law. The Named Plaintiff Morris Nelson seeks to recover, on behalf of himself and all other similarly situated persons, damages from Defendant for the alleged unpaid overtime wages, liquidated damages, and other applicable penalties, and attorneys' fees and expenses. The case is limited to individuals employed as Customer Information Agent Supervisors at the New York call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215 since September 1, 2005.

3.  Defendant maintains that it paid its employees all compensation it owed to them and that it has complied with the law. <u>Defendant denies any liability or wrongdoing of any kind in connection with the claims alleged</u>.

4.  The Court has directed that this Notice be sent to all persons who may be entitled to participate in the lawsuit.

## <u>YOUR OPTIONS</u>

5.  If you worked in the position of Customer Information Agent Supervisor at First Transit's call center located at 33-00 Northern Boulevard, 8th Floor, Long Island City, NY 11101-2215 at any time since September 1, 2005, you may be entitled to participate in this litigation.

6.  If you wish to join this lawsuit, you must complete and return the enclosed Consent Form to Plaintiff's Counsel at The Harman Firm, P.C., 200 West 57th Street, Suite 900, New York, New York 10019, within 45 days of the date of this Notice.

7.  If you join the Lawsuit, you will be bound by any judgment of the Court, whether it is favorable or unfavorable. If the Representative Plaintiff is successful in recovering a money judgment or settlement from First Transit, you will also be bound by any such judgment or settlement and will share in the amount recovered by the Plaintiff. If you join the Lawsuit, the Representative Plaintiff's attorneys will represent you. If you join the Lawsuit, you will give the Representative Plaintiff and his attorneys authority to enter into any settlement or take any action in the Lawsuit on your behalf. If you join the Lawsuit, you may be required to provide information, appear for a deposition, respond to written discovery requests, and/or testify in Court.

8.  If you choose not to join the Lawsuit, you will not be entitled to share in any judgment rendered or settlement reached in this case, whether favorable or unfavorable, and you will not receive any money from this Lawsuit in the event of a settlement or an award. Your rights to participate in any other investigative action against the company will be preserved. However the statute of limitations will not stop running on any claims you may have, and may eventually extinguish any right you have to recover for overtime.

## <u>ADDITIONAL INFORMATION</u>

9.  This Notice is only a summary of the Case. For a more detailed statement of the Case, you may refer to the pleadings and the other papers filed in the Case, which may be inspected at the Office of the Clerk of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, during regular business hours of each court day. You also may obtain copies of this Notice and/or the pleadings or further information from Plaintiffs' Counsel. PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, THE JUDGE, OR DEFENDANTS' ATTORNEYS WITH QUESTIONS REGARDING THIS MATTER.

THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK.

Dated this _____ day of _____, 20__.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS NELSON, *Individually and on Behalf of All Other Persons Similarly Situated*,<br><br>                        Plaintiff,<br><br>             v.<br><br>FIRST TRANSIT, INC.,<br><br>                        Defendant. | Civil Action No. 1:11-cv-04366-NG-RML |

### CONSENT TO JOIN LAWSUIT

I understand that I may be eligible to join this lawsuit filed by Plaintiff Morris Nelson (the "Representative Plaintiff") to recover alleged unpaid overtime wages, liquidated damages, prejudgment interest, attorneys' fees, and costs from First Transit, Inc. ("Defendant") under the Fair Labor Standards Act ("FLSA").

By filing this consent, I hereby designate the Representative Plaintiff as my agent to make decisions on my behalf concerning this FLSA litigation against Defendant, including, but not limited to, the method and manner of conducting this litigation, whether to enter into settlement agreements, whether to enter into agreements with Representative Plaintiff's counsel concerning attorneys' fees and costs, and with respect to all other matters pertaining to this litigation against Defendant.  I understand that if I file this consent, I will be bound by the decisions made and agreements entered into by the Representative Plaintiff.

I understand that the amount of any attorney's fees and costs awarded to Plaintiff's Counsel will be subject to the decision of the Court.

I acknowledge and agree that by executing and filing this consent, I will be bound by any judgment of the Court or the terms of any settlement reached between the Representative Plaintiff and Defendant.  I understand that I will be entitled to share in any recovery by the Representative Plaintiff and, further, that if no monetary judgment or settlement is obtained, I will receive nothing.

I hereby consent to join in this lawsuit.


_____                    _____
Signature                                                              Date


_____
Printed Name

# EXHIBIT B

## AGREEMENT AND GENERAL RELEASE

First Transit, Inc. ("First Transit") and Morris Nelson, Nelson's heirs, executors, administrators, successors, and assigns (collectively referred to throughout this Agreement as "Employee"), agree that:

1.  **Last Day of Employment.** Employee's last day of employment with First Transit was approximately August 16, 2011.

2.  **Consideration.** In consideration for signing this Agreement and General Release, and complying with its terms, and taking all action necessary to have *Morris Nelson v. First Transit, Inc.*, Civil Action No. 1:11-cv-04366-NG-RML (E.D.N.Y.) withdrawn and dismissed with prejudice, First Transit agrees:

     a.     to pay to Employee $7,500.00 within 10 business days after First Transit receives a signed original of this Agreement and General Release. First Transit will issue a Form 1099 for the $7,500.00.

     First Transit and Employee agree that the above payments shall be timely made even if the United States District Court for the Eastern District of New York has not yet approved the settlement in the case captioned *Morris Nelson v. First Transit, Inc.*, Civil Action No. 1:11-cv-04366-NG-RML (E.D.N.Y.) within the time periods specified above. However, all payments shall be held in escrow by Employee's counsel and will not be disbursed until such time as the Court approves the settlement. Should the Court not approve the parties' proposed settlement, this agreement shall immediately become null and void, Employee's counsel shall return the payments to First Transit within five (5) days of the Court's order, and the parties shall return to their respective positions as of the day before the execution of this agreement.

3.  **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that Employee would not receive the monies and/or benefits specified in paragraph "2" above, except for Employee's execution of this Agreement and General Release and the fulfillment of the promises contained herein.

4.  **General Release of All Claims.** Employee knowingly and voluntarily releases and forever discharges First Transit, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which the Employee has or may have against Releasees as of the date of execution of this Agreement and General Release, including, but not limited to, any alleged violation of:

     ▪   Title VII of the Civil Rights Act of 1964;

     ▪   Sections 1981 through 1988 of Title 42 of the United States Code;

- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);

- The Immigration Reform and Control Act;

- The Americans with Disabilities Act of 1990;

- The Worker Adjustment and Retraining Notification Act;

- The Fair Credit Reporting Act;

- The Family and Medical Leave Act;

- The Equal Pay Act;

- The Fair Labor Standards Act;

- the New York State Human Rights Law, New York Executive Law, Art. 15 § 290 et seq.;

- the New York City Human Rights Law, Title 8, Chapter 1 of the Administration Code of the City of New York;

- the New York Civil Rights Law, Civil Rights Law § 40;

- the New York Equal Pay Law, Labor Law §§ 194-198 et seq.;

- the New York Minimum Wage Law, as amended, N.Y. Labor Law, Art. 19, § 651 et seq.;

- the New York Non-Discrimination for Legal Activities Law, N.Y. Labor Law § 201-d;

- the New York Whistleblower Law, N.Y. Labor Law, § 740 et seq.;

- New York State Labor Law § 193;

- any other federal, state or local law, rule, regulation, or ordinance

- any public policy, contract, tort, or common law; or

- any basis for recovering costs, fees, or other expenses including attorneys' fees incurred in these matters.

If any claim is not subject to release, to the extent permitted by law, Employee

waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Employer or any other Releasee identified in this Agreement is a party.

5.  **Acknowledgments and Affirmations.**

Employee affirms that Employee has not filed, caused to be filed, or presently is a party to any claim against First Transit, except *Morris Nelson v. First Transit, Inc.*, Civil Action No. 1:11-cv-04366-NG-RML (E.D.N.Y.).

Employee also affirms that Employee been paid and/or has received all compensation, wages, bonuses, commissions, and/or benefits to which Employee may be entitled.  Employee affirms that Employee has been granted any leave to which Employee was entitled under the Family and Medical Leave Act or related state or local leave or disability accommodation laws.

Employee further affirms that Employee has no known workplace injuries or occupational diseases.

Employee also affirms that Employee has not divulged any proprietary or confidential information of First Transit and will continue to maintain the confidentiality of such information consistent with First Transit's policies and Employee's agreement(s) with First Transit and/or common law.

Employee further affirms that Employee has not been retaliated against for reporting any allegations of wrongdoing by First Transit or its officers, including any allegations of corporate fraud.  Both Parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.  To the extent permitted by law, Employee agrees that if such an administrative claim is made, Employee shall not be entitled to recover any individual monetary relief or other individual remedies.

Employee shall not apply in the future for employment with First Transit because of, among other things, irreconcilable differences with First Transit.  If employee does apply for future employment with First Transit, Employee shall not be eligible to be considered for employment.

6.  **Confidentiality and Return of Property**.  Employee agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement and General Release, except to Employee's spouse, tax advisor, and/or an attorney with whom Employee chooses to consult regarding Employee's consideration of this Agreement and General Release.

Employee affirms that Employee has returned all of First Transit's property, documents, and/or any confidential information in Employee's possession or control. Employee also affirms that Employee is in possession of all of Employee's property that Employee had at First Transit's premises and that First Transit is not in possession of any of Employee's property.

7.  **Governing Law and Interpretation**.  This Agreement and General Release shall be governed and conformed in accordance with the laws of the state in which Employee worked at the time of Employee's last day of employment without regard to its conflict of laws provision.  In the event of a breach of any provision of this Agreement and General Release, either party may institute an action specifically to enforce any term or terms of this Agreement and General Release and/or to seek any damages for breach.  Should any provision of this Agreement and General Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement and General Release in full force and effect.

8.  **Nonadmission of Wrongdoing**.  The Parties agree that neither this Agreement and General Release nor the furnishing of the consideration for this Agreement and General Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9.  **Amendment**.  This Agreement and General Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Agreement and General Release.

10.  **Entire Agreement**.  This Agreement and General Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties.  Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement and General Release, except for those set forth in this Agreement and General Release.

**EMPLOYEE IS ADVISED THAT EMPLOYEE HAS 21 DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE.**

**EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS EMPLOYEE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

By: _Morris W Nelson_
     Morris Nelson

Date: _4.27.12_

By: _Michael Petrucci_
     Michael L. Petrucci
     Vice President and Deputy General Counsel
     FirstGroup America, Inc.

Date: _5.3.12_

4814-9615-5919, v. 1