UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MORRIS NELSON, *Individually and on Behalf of All Other Persons Similarly Situated*,<br><br>Plaintiff,<br><br>v.<br><br>FIRST TRANSIT, INC.,<br><br>Defendant. | Civil Action No. 1:11-cv-04366-RML |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into by and between the following parties: (1) Morris Nelson, Carl Brown, Gwendolyn Crump, Ferandria Garrett, Rodriguez Posy, Gregory Robinson, Roxanne Russell, Lisa Singleton, and Jemal Washington, and their heirs, executors, administrators, successors, and assigns (collectively referred to as "Plaintiffs"); and (2) First Transit, Inc. ("First Transit"). The parties hereto agree to the following:

    1.    **Consideration.** In consideration for signing this Settlement Agreement and Release, and complying with its terms:

    a.    First Transit agrees to pay to Plaintiffs a total sum of $52,500.00. This payment will be allocated among and distributed to Plaintiffs as follows:

    (1) Carl Brown - $8,651.05

    (2) Gwendolyn Crump - $7,760.51

    (3) Ferandria Garrett - $2,289.99

    (4) Morris Nelson - $5,046.44

    (5) Rodriguez Posy - $8,226.97

    (6) Gregory Robinson - $4,876.82

    (7) Roxanne Russell - $6,488.29

    (8) Lisa Singleton - $3,138.13

    (9) Jemal Washington - $6,021.80

Half of the foregoing amounts will represent wages and half will represent non-wages, liquidated damages, penalties, and other consideration. Required federal and state income and employment taxes shall be withheld from the wages portions of the payments, but no deductions will be made from the non-wages portions of the payments. First Transit will issue to Plaintiffs IRS Form W-2s for the back wages portions of the payments and IRS Form 1099s for the non-wages portions of the payments. First Transit shall pay the employer's share of all required payroll taxes on the foregoing payments. Plaintiffs shall have 90 calendar days after delivery of the checks to cash their settlement checks. If any Plaintiffs do not cash their checks within 90 days after delivery and their check is not returned, their checks will be void and a stop-payment will be placed. First Transit will retain any funds from checks that are not cashed within the 90 day period. In such event, those Plaintiffs will be deemed to have waived irrevocably any right in or claim to their settlement share. Plaintiffs have no right or claim to any funds made available under this Agreement unless and until they endorse and cash/deposit the check.

      b.    First Transit will not oppose Plaintiff's counsel's request for an award of attorney's fees and costs totaling $40,000.00. If approved by the Court, First Transit will pay Plaintiff's counsel, The Harman Firm, up to $40,000.00 in attorney's fees and costs. First Transit will issue to The Harman Firm an IRS Form 1099 for this payment.

      c.    First Transit will not oppose Plaintiff's request for an enhancement award to Named Plaintiff Morris Nelson in the amount of $7,500.00. If approved by the Court, First Transit will pay Plaintiff up to $7,500.00 as an enhancement payment in addition to his share of the settlement set forth above and will issue Plaintiff an IRS Form 1099 for this payment. As additional consideration for this payment, in addition to the claims released below, Nelson releases and forever discharges Releasees of and from any and all claims, known and unknown, asserted or unasserted, which he has or may have against Releasees as of the date of execution of this Agreement.

      d.    First Transit will issue the foregoing payments to Plaintiffs and their counsel within thirty (30) calendar days after the United States District Court for the Eastern District of New York approves the terms of this settlement.

      e.    Plaintiffs agree to take all action necessary to seek approval of the terms of this settlement by the United States District Court for the Eastern District of New York in conjunction with the case captioned <u>Nelson v. First Transit, Inc.</u>, Case No. 1:11-cv-04366-NG-RML (E.D.N.Y.) (hereinafter the "Litigation"). Upon approval of this settlement by the Court, Plaintiffs agree to take all action necessary to have the claims in the Litigation dismissed with prejudice.

      2.    **<u>No Consideration Absent Execution of this Agreement.</u>**  Plaintiffs understand and agree that they would not receive the monies and/or benefits specified in section "1" above, except for the execution of this Settlement Agreement and Release and the fulfillment of the promises contained herein.

3. **Release of Claims**.

Subject to the approval of the Court, in consideration of the benefits inuring to the Parties hereto, each Plaintiff releases and forever discharges (i) First Transit; (ii) any current or former subsidiary, parent company, affiliated entity, related entity, successor, assign, or division of First Transit; and (iii) any current or former officer, director, trustee, agent, employee, shareholder, representative, advisor, insurer, attorney, or employee benefit or welfare program or plan (including the administrators, trustee, fiduciaries, and insurers of such program or plan) of any entity referenced in or encompassed by subsection (i) or (ii) hereof (collectively, "Releasees"), from any and all claims, debts, penalties, liabilities, demands, obligations, guarantees, costs, expenses, attorneys' fees, damages, actions, or causes of action of whatever kind or nature, whether known or unknown, that were alleged or that reasonably arise out of the acts alleged in the Litigation, which means all claims for allegedly uncompensated wages, and including associated liquidated damages, interest, and penalty claims that were asserted or could have been asserted in this lawsuit under state or federal law. This release includes all Fair Labor Standards Act or other federal wage claims plus all wage claims under the New York Labor Law, state minimum wage laws, state wage payment and collection laws, state overtime statutes, under state common law and equitable principles, and pursuant to express or implied wage contract claims through the date the Court approves the settlement. This release includes any claims which are derivative of the claims being released.

4. **Acknowledgments and Affirmations.**

Plaintiffs affirm that they have not filed, caused to be filed, or presently are a party to any claim against First Transit, except the claims they have asserted in the Litigation.

5. **Governing Law and Interpretation.** This Settlement Agreement and Release shall be governed and interpreted in accordance with the laws of New York. In the event of a breach of any provision of this Settlement Agreement and Release, either party may institute an action specifically to enforce any term or terms of this Settlement Agreement and Release and/or seek any damages for breach. Should any provision of this Settlement Agreement and Release be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Settlement Agreement and Release in full force and effect.

6. **Nonadmission of Wrongdoing.** The Parties agree that neither this Settlement Agreement and Release nor the furnishing of the consideration for this Settlement Agreement and Release shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

7.  **Amendment**. This Settlement Agreement and Release may not be modified, altered or changed except in writing and signed by both Parties wherein specific reference is made to this Settlement Agreement and Release.

8.  **Entire Agreement.** This Settlement Agreement and Release sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to accept this Settlement Agreement and Release, except for those expressly set forth in this Settlement Agreement and Release.

9.  **Counterparts.** This Settlement Agreement and Release may be executed in one or more counterparts and by facsimile or email. All executed copies of this Settlement Agreement and Release, and photocopies thereof (including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

10. **Invalid Without Court Approval.** This Settlement Agreement and Release is subject to approval by the United States District Court for the Eastern District of New York. In the event it is not approved, it shall be deemed null and void, of no force and effect, and of no probative value, and the Parties hereto represent, warrant, and covenant that in that event it will not be used or referred to for any purpose whatsoever. In the event the Court does not approve the settlement, the Parties shall return to their respective positions immediately prior to the execution of this Settlement Agreement and Release. However, no party may void the Settlement Agreement based on the Court's approval or non-approval of the amount of attorneys' fees or costs or the Court's approval or non-approval of the amount of any enhancement payment awarded to Named Plaintiff Morris Nelson. The Court's failure to approve Plaintiff's Counsel's fee and cost request or the Court's failure to approve Plaintiff's enhancement payment request shall not render the remainder of the Settlement Agreement unenforceable.

11. **Retention of Jurisdiction**. The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Agreement and all orders and judgments entered in connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of the Court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Agreement and all orders and judgments entered in connection therewith.

12. **Construction**. The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arm's length negotiations between the Parties. This Settlement Agreement has been drafted jointly by counsel for the parties and shall not be construed in favor of or against any party.

**PLAINTIFFS ARE ADVISED THAT THEY HAVE A REASONABLE AMOUNT OF TIME TO CONSIDER THIS SETTLEMENT AGREEMENT AND**

RELEASE AND TO CONSULT WITH COUNSEL REGARDING THIS AGREEMENT AND RELEASE. PLAINTIFFS FREELY AND KNOWINGLY AND, AFTER DUE CONSIDERATION, VOLUNTARILY ENTER INTO THIS SETTLEMENT AGREEMENT AND RELEASE.

The Parties knowingly and voluntarily sign, and affirm that the signatory below is duly authorized to sign, this Settlement Agreement and Release as a valid and binding act of each, as of the date(s) set forth below:

[signatures on following pages]

Dated: 8/15/13

_____
Carl Brown

Dated: 8/15/13

_____
Gwendolyn Crump

Dated: 8/15/13

_____
Ferandria Garrett

Dated: 8/15/2013

_____
Morris Nelson

Dated: _____

_____
Rodriquez Posy

Dated: _____

_____
Gregory Robinson

Dated: 8/15/2013

_____
Roxanne Russell

Dated: 8/15/2013

_____
Lisa Singleton

Dated: 8/15/2013

_____
Jemal Washington

Dated: 8.19.13

_____
Walker G. Harman, Jr.
Counsel for Plaintiffs

Dated: _____
                                        _____
                                        Carl Brown

Dated: _____
                                        _____
                                        Gwendolyn Crump

Dated: _____
                                        _____
                                        Ferandria Garrett

Dated: _____
                                        _____
                                        Morris Nelson

Dated: 8/16/13
                                        _____/s/_____
                                        ~~Rodriquez~~ Posy
                                        RODRIGUEZ

Dated: _____
                                        _____
                                        Gregory Robinson

Dated: _____
                                        _____
                                        Roxanne Russell

Dated: _____
                                        _____
                                        Lisa Singleton

Dated: _____
                                        _____
                                        Jemal Washington

Dated: _____
                                        _____
                                        Walker G. Harman, Jr.
                                        Counsel for Plaintiffs

Dated: _____   _____
                                 Carl Brown

Dated: _____   _____
                                 Gwendolyn Crump

Dated: _____   _____
                                 Ferandria Garrett

Dated: _____   _____
                                 Morris Nelson

Dated: _____   _____
                                 Rodriquez Posy

Dated: 8-19-2013                 *Gregory A. Robinson* (signature)
                                 Gregory Robinson

Dated: _____   _____
                                 Roxanne Russell

Dated: _____   _____
                                 Lisa Singleton

Dated: _____   _____
                                 Jemal Washington

Dated: _____   _____
                                 Walker G. Harman, Jr.
                                 Counsel for Plaintiffs

Dated: 8/23/13

Justin R. Barnes
Counsel for First Transit, Inc.

Dated: 8.22.13

Michael L. Petrucci
Vice President and Deputy General Counsel
FirstGroup America, Inc.
On Behalf of First Transit, Inc.